UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF EDWARD MORAN SOLIZ, by and through Savannah Moran, Successor-in-Interest to Decedent Edward Moran Soliz; SAVANNAH MORAN as an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DAO VANG, Acting Warden of California Health Care Facility, Stockton, in his individual capacity; and DOES 1 to 50, individually, jointly, and severally,<br><br>Defendants. | No. 2:25-cv-03766-JAM-SCR<br><br>**ORDER GRANTING DEFENDANT DAO VANG'S MOTION TO DISMISS** |

This matter is before the Court on Defendant Dao Vang's Motion to Dismiss certain claims in Plaintiffs' First Amended Complaint. ECF No. 19, Defendant's Memorandum of Points and Authorities ("Mot."). Plaintiffs filed an opposition to Defendant's motion (ECF No. 20 ("Opp'n")), and Defendant filed a reply (ECF No. 23 ("Reply")). For the reasons detailed below, Defendant's motion is granted.[1]

[1] This motion was determined to be suitable for decision without oral argument. See ECF No. 24; E.D. Cal. L.R. 230(g).

## I. FACTUAL ALLEGATIONS

This case stems from the death of Edward Moran Soliz, an inmate at California Health Care Facility, Stockton ("CHCF"). ECF No. 13, First Amended Complaint ("FAC") ¶ 1. His daughter, Savannah Moran, and his Estate are the named Plaintiffs. See id. ¶¶ 11-12. Plaintiffs allege that on July 17, 2025, Soliz ingested fentanyl while in custody at CHCF, a facility for inmates who require enhanced medical care; he became unresponsive and passed away a week later. Id. ¶¶ 41, 51, 62.

The only named Defendant, Vang, serves as the Acting Warden of CHCF. Id. ¶ 2. According to the FAC, Defendant "reviewed regular reports, data, and briefings concerning fentanyl-related incidents and overdoses at CHCF" prior to July 17, 2025. Id. ¶ 3, 46. Plaintiffs further allege that Defendant was involved in decision-making addressing "the fentanyl crisis at CHCF" and "decided not to implement additional or enhanced measures that could have reduced the risk." Id. ¶¶ 47-49.

Plaintiffs bring ten claims in this case. Defendant is named in Counts One through Six. Counts One through Four are claims under 42 U.S.C. § 1983, and Counts Five and Six are wrongful death claims under state law. The remaining claims, Counts Seven through Ten, are state law claims against DOE defendants only. See FAC ¶¶ 64-119.

Defendant's motion targets only Plaintiffs' federal causes of action under section 1983: Count One, an Eighth Amendment claim for "Deliberate Indifference to Serious Medical Needs;" Count Two, also an Eighth Amendment claim for "Failure to Protect;" Count Three, a Fourteenth Amendment claim for

"Deprivation of Familial Association;" and Count Four, "Direct Participation Liability." Id. ¶¶ 64-90.

## II. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the nonmoving party." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)). That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. In the same vein, conclusory or "formulaic recitation[s] of the elements" do not alone suffice. Id. (internal quotations and citations removed). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

B. Analysis

The Court first addresses Defendant's motion as to Plaintiffs' Eighth Amendment claims, followed by Plaintiffs' remaining § 1983 claims, before turning to Plaintiffs' request for leave to amend and addressing supplemental jurisdiction.

1. Count One: Deliberate Indifference to Serious Medical Needs

Plaintiffs' Eighth Amendment claim for deliberate indifference to serious medical needs requires that they properly allege: (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' and (2) 'the defendant's response to the need was deliberately indifferent.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (other internal quotations and citations omitted). Under the second prong, "[a] prison official is deliberately indifferent . . . only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (other citations omitted)). These medical needs claims "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing Estelle

v. Gamble, 429 U.S. 97, 104-05 (1976), reh'g denied 429 U.S. 1066 (1977)).

Defendant moves to dismiss Count One, arguing that the FAC is devoid of facts that show deliberate indifference. Mot. at 5-6. Specifically, Defendant contends that the FAC makes only "generalized allegations" and that "there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant prison official's actions and the claimed deprivation." Mot. at 6 (citing Rizzo v. Goode, 423 U.S. 362 (1976)).

Relying almost exclusively on Farmer v. Brennan, Plaintiffs assert that they need only show that Vang had knowledge that a group of "medically vulnerable" inmates were at risk and that Vang failed to respond appropriately. Opp'n at 7-8 (citing Farmer v. Brennan, 511 U.S. 825, 843 (1994)).

The Court agrees with Defendant that Plaintiffs' FAC lacks "sufficient facts to support a cognizable legal theory." See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Plaintiffs' barebones, conclusory allegations fail to "connect the dots" between Soliz's overdose and any knowledge or action on the part of the Defendant amounting to a constitutional violation. See Reply at 3; Connick v. Thompson, 563 U.S. 51, 61 (2011) ("[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.") (quoting Board of Cty. Com'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 410 (1997)). Because the FAC "is devoid of [any] facts alleging that [Defendant] knew that a substantial

risk of serious harm existed as to [the] Decedent, actually drew that inference, and then deliberately disregarded the alleged excessive risk to Decedent's health," Defendant's Motion to Dismiss Count One is granted. See Mot. at 6; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.") (citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984)).

2. Count Two: Failure to Protect

Plaintiffs advance a second theory of liability under the Eighth Amendment, "Failure to Protect," in Count Two. To maintain this claim, a plaintiff must plausibly allege that "the official knows of and disregards an excessive risk to inmate health or safety [and] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiffs allege nearly identical facts in support of this claim, as in Count One. Compare FAC ¶¶ 64-71 with ¶¶ 72-78. Defendant argues Count Two is deficient for the same reasons as Count One, relying again on Rizzo and Farmer. Mot. at 6-7 (citing Rizzo, 423 U.S. 362; Farmer, 511 U.S. at 834-38). Plaintiffs counter their claim is sufficiently pled, relying on a number of cases including Lemire v. Cal. Dep't of Corr. & Rehab, 726 F.3d 1062 (9th Cir. 2013), which they argue "forecloses

dismissal" of Count Two. Opp'n at 9. In Lemire, the Ninth Circuit allowed the plaintiffs' failure to protect claims against certain prison officials to proceed in a § 1983 action arising from the death of an inmate. 726 F.3d at 1068. However, Lemire, was a case decided at the summary judgement stage and involved a more developed record against the prison officials than exists in the instant case. Unlike here, there was significant evidence such as standing orders and recent court litigation on the issue of inmate suicides in CDCR prisons, and officials nevertheless approved of staff meetings that left "mentally ill inmates" without floor officer supervision "for up to three and a half hours," connecting the officials directly to the inmate's death, thus amounting to a viable § 1983 claim. Id. at 1070-71, 1076-80.

Lemire and the other cases cited by Plaintiffs instead support dismissal of Count Two. As with Count One, the FAC lacks allegations substantiating a deliberate indifference, failure to protect claim. There are no facts demonstrating "[Defendant] consciously acted or failed to act despite his alleged knowledge of [any] substantial risk of serious harm to Decedent or to an inmate-group including [decedent] . . . . [The FAC] is missing the bridge needed between what Defendant Vang allegedly knew and what his alleged actions or omissions were . . . ." Reply at 3. Accordingly, Defendant's Motion to Dismiss Count Two is granted. Accord Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

///

///

///

3. Third Cause of Action: Deprivation of Familial Association

Plaintiffs concede Count Three, their "familial-association claim," is derivative of their Eighth Amendment deliberate indifference claims. See Opp'n at 5. Since Counts One and Two fail, Count Three is likewise dismissed. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

4. Fourth Cause of Action: Direct Participation Liability

Defendant moves to dismiss Plaintiffs' fourth claim, arguing that "Direct Participation Liability" is not a standalone federal cause of action. Mot. at 8. The Court agrees. Dismissal of Count Four is warranted, especially since Plaintiffs concede the Fourth Claim relies on the same allegations supporting Counts One and Two, which are both insufficient. Cf. Opp'n at 13. Plaintiffs' reliance on Taylor is also misplaced. This case does not support "Direct Participation Liability" as a standalone cause of action, rather it simply discusses liability for a resulting constitutional violation in a properly pled section 1983 claim. See 880 F.2d at 1045; Reply at 4.

5. Leave to Amend

In granting this motion to dismiss, the court must also decide whether to grant leave to amend. See Fed. R. Civ. P. 15. Leave to amend should be given freely where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon,

Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is proper only if "'the complaint could not be saved by any amendment.'" Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)). Plaintiffs have now advanced two separate complaints that are deficient and do not allege facts substantiating any 1983 claim or any kind of constitutional violation against the Defendant.

The Court finds allowing amendment would be futile. Although Plaintiffs request leave to amend, they have failed to provide additional facts, if any, which could be alleged to further support any kind of constitutional claim against Defendant. Accord Intri-Plex Techs., Inc., 499 F.3d at 1056.

6. Counts Five and Six: State Law Claims

Since the Court has dismissed, with prejudice, all of Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining wrongful death state law claims against Defendant. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)) (other citations omitted). Accordingly, Counts Five and Six are dismissed without prejudice.

## III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss. Counts One through Four are dismissed, with prejudice.

The Court declines to exercise supplemental jurisdiction over Counts Five and Six; accordingly, those are dismissed, without prejudice. All remaining state law claims and allegations against DOE defendants (Seventh through Tenth Causes of Action) are also dismissed, without prejudice.

IT IS SO ORDERED.

Dated: October 6, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE